IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LAVONNE CHAPMAN-ROBBINS,

        Plaintiff,

v.

STATE OF TENNESSEE
DEPARTMENT OF TRANSPORTATION

        Defendant.
_____/

Case No. 3:19-cv-001128

Judge Richardson
Magistrate Judge Holmes

JURY DEMAND

**FIRST AMENDED COMPLAINT**

Almost immediately after starting at the State of Tennessee Department of Transportation ("TDOT"), Ms. Robbins experienced severe sexual harassment from a co-worker, Marty Dillon, who sent her graphic and explicit text messages that contained disturbing images and text regarding his perverted sexual desires for Ms. Robbins. Mr. Dillon also physically assaulted Ms. Robbins. Another female co-worker and Ms. Robbins complained of Mr. Dillon's outrageous behavior. TDOT failed to take prompt action and Ms. Robbins was forced to continue to work with the harasser. Several months after her complaint, TDOT terminated the harasser, who then sent Ms. Robbins messages threatening her life. TDOT again failed to take action. After filing her complaints, TDOT retaliated against Ms. Robbins. Accordingly, Ms. Robbins files this Complaint for both harassment and retaliation pursuant to Title IX of the Educational Amendments of 1972, Title VII of the Civil Rights Act of 1964, and the Tennessee Human Rights Act.

**PARTIES**

1.     Plaintiff, Lavone Chapman-Robbins, ("Ms. Chapman-Robbins") is a citizen and

1

resident of Dickson, Tennessee, and a current employee of Defendant. Plaintiff works for Defendant at its location in Franklin, TN.

2. Defendant State of Tennessee Department of Transportation, ("TDOT") is a department and/or political subdivision of the State of Tennessee. At all material times, Defendant has been an employer as defined by Title IX, Title VII and under state law.

3. Upon information and belief, Defendant TDOT receives federal funding for the operation of training and education services it provides to its employees and citizens.

## JURISDICTION AND VENUE

4. This is an action for unlawful employment practices brought under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a) (Count I) and the Tennessee Human Rights Act ("THRA"), T.C.A. §4-21-101, *et seq*. (Count II, III), common law claims (Count IV, V), and Title VII of the Civil Rights Act of 1964 ("Title VII") (Count VI, VII).

5. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

6. Plaintiff complied with all conditions precedent to the filing of her claims pursuant to 42 U.S.C. § 12101 *et. seq*, to wit: a charge of discrimination against State of Tennessee Department of Transportation was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice. On February 3, 2020, Plaintiff requested that the EEOC issue a Notice of Dismissal and Right to Sue. On February 6, 2020, the EEOC closed the Charge. The status of the Charge is "Closed." This action was commenced within 90 days of the EEOC administratively closing the Charge.

## FACTS

7. Ms. Robbins began working for the Tennessee Department of Transportation

(TDOT) on October 28, 2018. Ms. Robbins worked in the Franklin, Tennessee shop as an Operations Technician.

8. Operations Technicians perform a variety of functions including working on teams to perform repairs, doing traffic control work performing maintenance quality assurance, doing environmental work, and working on signs, among other tasks.

9. The job assignments are assigned daily by the supervisor. At all relevant times, Ms. Robbins reported to both Jack Dickens and Ray Hudson.

10. Almost immediately after starting at TDOT, Ms. Robbins experienced severe sexual harassment from a co-worker, Marty Dillon, who sent her graphic and explicit text messages that contained disturbing images and texts regarding his perverted sexual desires for Ms. Robbins.

11. Mr. Dillon also physically assaulted Ms. Robbins by grabbing and holding onto her tightly and not letting her go, even after she protested.

12. Another female co-worker and Ms. Robbins complained of Mr. Dillon's outrageous behavior. Ms. Robbins fully participated in an investigation including turning over the harassing text messages and giving a full interview and statement.

13. The only action that TDOT took was to transfer Mr. Dillon from the Franklin shop to a location in Nashville. On information and belief, Mr. Dillon suffered no loss of pay or benefits due to this transfer.

14. Even after Dillon's transfer Ms. Robbins was assigned to training where Dillon was present.

15. Immediately after Mr. Dillon was transferred, Ms. Robbins was harassed by a supervisor who told her that because of her he is losing one of his best guys.

16. Mr. Dillon had been a long-term employee in the Franklin shop.

17. Prior to Ms. Robbins' complaints, Mr. Dillon was allowed to engage in unfettered harassment of employees.

18. Eventually, faced with irrefutable proof of harassment, TDOT dismissed Mr. Dillon.

19. On January 23, 2019, TDOT issued a report of their investigation into Ms. Robbin's allegations of sexual harassment and found that a violation of TDOT policy had occurred.

20. At some point thereafter, TDOT terminated Mr. Dillon.

21. After his termination, Mr. Dillon sent threatening texts to Ms. Robbins, threatening her life and sending her a graphic image of a person in a rifle sight.

22. Ms. Robbins reported those texts to TDOT and no action was taken.

23. In fact, Mr. Dillon was quickly hired by a TDOT contractor and now works very close to the Franklin shop again.

24. Mr. Dillon frequently comes by the Franklin shop and speaks to supervisors and employees. At no time has Mr. Dillon been told he cannot visit the Franklin shop. No effort has been made to protect Ms. Robbins from continuing harassment by Mr. Dillon.

25. After reporting the harassment and retaliation, Ms. Robbins filed an EEOC Charge on January 31, 2019.

26. After Ms. Robbins filed that Charge, she experienced retaliation in the form of less-favorable job assignments, no longer being assigned to group or team tasks, instead she was ostracized and assigned tasks away from the team. She has been assigned tasks such as trash pick up and measuring road lines on a regular basis.

27. After Ms. Robbins filed her EEOC Charge, the internal EEO officer at TDOT engaged in a pattern of harassment, humiliation and intimidation of Ms. Robbins to the point that

Ms. Robbins felt so harassed and intimidated that she requested to withdraw her EEOC Charge.

28. Upon reflection that this was a bullying and intimidation technique by her employer in retaliation for filing her Charge, Ms. Robbins rescinded her withdrawal and the case investigation moved forward.

29. On June 18, 2019, Ms. Robbins has reported her supervisor, Ray Hudson for retaliating against her and treating her poorly compared to the other co-workers in the shop.

30. In a huge show of support, Ms. Robbins' co-workers all signed her complaint attesting to the retaliation.

31. TDOT investigated and found no violation of its policies.

32. Ms. Robbins has been actively searching for a position outside of the Franklin shop and has applied to various positions. She has not been selected for any open positions. She feels this is in retaliation for her complaints.

33. TDOT failed to provide a workplace free from harassment and failed to promptly remedy harassment when reported. Further, TDOT began a campaign of retaliation against Ms. Robbins due to her complaints of harassment and her exercise her rights to file an EEOC Charge.

**Count I**
**TITLE IX, 20 U.S.C. § 1681**

34. Defendant receives federal funding as defined under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a).

35. Section 901(a) of Title IX provides:

No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a).

36. Defendant receives federal funding for the operation of its services in providing

5

training and education to its residents.

37. Plaintiff was subjected discrimination and retaliation based on her sex prohibited by Title IX.

38. Defendant had actual notice of its discriminatory policies on the basis of sex and was deliberately indifferent to that behavior.

39. Plaintiff suffered, and continues to suffer, severe emotional distress, humiliation, embarrassment, and pain as a direct and proximate result of Defendant's deliberate indifference to her rights under Title IX.

## Count II
## Violation of THRA- Sex Harassment

40. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

41. Plaintiff was subjected to a severe, continuing and on-going campaign of sex harassment in Defendant's workplace because of her sex, female.

42. Plaintiff reported and/or protested incidents of harassment and assault to her employer. Plaintiff was expected to work with harasser Dillon during the employer's investigation which further traumatized Plaintiff. Defendant failed to remedy and/or prevent sex harassment in the workplace in a prompt and effective manner.

43. Defendant is vicariously liable for the sexual harassment perpetrated against Plaintiff and is liable for failing to remedy sex harassment in the workplace. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## Count III
## Retaliation under THRA

6

44. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

45. It is the public policy and law of the State of Tennessee that employees must be able to exercise their rights under state and federal law without fear of reprisal or penalty from an employer.

46. Contrary to the public policy and law of the State of Tennessee, as well as in violation of the THRA, Plaintiff was retaliated against for objecting to and complaining about Defendant's failure to remedy the assault, battery and sexual harassment taking place in the workplace.

47. This retaliation included ostracizing Plaintiff and reducing her job duties in retaliation for the exercise of her rights to oppose assault, battery and sexual harassment taking place in the workplace.

48. As a result, Plaintiff has been damaged and is entitled to recover damages for suffering emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

### Count IV
### Common Law Assault and Battery

49. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

50. Defendant's employee intentionally assaulted and committed battery against Plaintiff.

51. As a result, Plaintiff has been damaged and is entitled to recover damages, including, but not limited to, lost wages, emotional distress, consequential damages, punitive damages, costs, interest and any other legal and equitable relief to which she may be entitled.

### Count V
### Intentional Infliction of Emotional Distress

48. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

49. Defendant engaged in extreme and outrageous conduct toward Plaintiff.

50. Mr. Dillon's sexual harassment toward Plaintiff was intentional or reckless, outrageous, not conduct tolerated in our society, which was intended to and did cause serious physical and mental injury.

51. Defendant's lack of action to protect Plaintiff from sexual harassment and retaliation was intentional or reckless, outrageous, not conduct tolerated in our society, which was intended to and did cause serious physical and mental injury.

52. Defendant's conduct in bullying and coercing Plaintiff into withdrawing her EEOC Charge was intentional or reckless, outrageous, not conduct tolerated in our society, which was intended to and did cause serious physical and mental injury.

53. Defendant intended to cause emotional distress or recklessly disregarded whether its conduct would cause emotional distress.

54. Defendant's conduct caused Plaintiffs severe emotional distress.

## Count VI
## Violation of Title VII - Sexual Harassment

55. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

56. Plaintiff was subjected to a severe, continuing and on-going campaign of sex harassment in Defendant's workplace because of her sex, female.

52. Plaintiff reported and/or protested incidents of harassment and assault to her employer. Plaintiff was expected to work with harasser Dillon during the employer's investigation which further traumatized Plaintiff.

53. Defendant failed to remedy and/or prevent sex harassment in the workplace in a prompt and effective manner.

57. Defendant is vicariously liable for the sexual harassment perpetrated against Plaintiff by its managers and is liable for failing to remedy sex harassment in the workplace. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## Count VII
## Violation of Title VII - Retaliation

58. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

59. It is the public policy and federal law that employees must be able to exercise their rights under state and federal law without fear of reprisal or penalty from an employer.

60. Contrary to the public policy and law, as well as in violation of the Title VII, Plaintiff was retaliated against for objecting to and complaining about Defendant's failure to remedy the sexual harassment, assault and battery taking place in the workplace.

61. Plaintiff took adverse employment action against Plaintiff after she exercised her rights and complained of sex harassment. This retaliation included ostracizing Plaintiff, reducing her job duties and giving her more difficult assignments, and bullying her and attempting to intimidate her to dismiss her EEOC Charge.

62. As a result, Plaintiff has been damaged and is entitled to recover damages for suffering emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## RELIEF REQUESTED

Plaintiff respectfully requests:

1. A jury trial;

2. Judgment in favor of Plaintiff and against Defendant on all counts in this action;

3. Back pay and damages for lost benefits;

4. Reinstatement or front pay;

5. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

6. Attorneys' fees and expenses;

7. Prejudgment interest and, if applicable, post-judgment interest; and

8. Such other and further legal or equitable relief to which he may be entitled.

Respectfully submitted,

*/s Anne Bennett Hunter*
Heather Moore Collins BPR # 026099
Anne Bennett Hunter BPR # 022407
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been served this 11th day of March 2020 through the court's CM/ECF system to Colleen Mallea, Assistant Attorney General, Education and Employment Division, P.O. Box 20207, Nashville, TN, 37202-0207, colleen.mallea@ag.tn.gov.

*/s Anne Bennett Hunter*
Anne Bennett Hunter